IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00168-BNB

ROGER SCOTT BLACKBURN,

    Plaintiff,

v.

COLO. DEPT. OF CORR.'S,
EXECUTIVE DIRECTOR'S OFF.,
EXTRADITION AGENT CRUZ, and
ATTORNEY GENERAL OF COLO.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 10 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff Roger Scott Blackburn is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Blackburn initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his rights under the United States Constitution. He seeks damages as relief.

Mr. Blackburn has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint and the action as legally frivolous.

The Court must construe the complaint liberally because Mr. Blackburn is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Blackburn alleges that his constitutional rights were violated in July or August 2006 when he was extradited from Minnesota to Colorado. He specifically claims that his rights were violated because Defendant Extradition Agent Cruz allowed other inmates in the transport van to smoke tobacco several times each day for several days. Mr. Blackburn asserts that the second-hand smoke gave him an allergic reaction, made him sick, and endangered his life. Mr. Blackburn does not assert any claims against any Defendant other than Defendant Cruz and he does not allege any facts to demonstrate that any other Defendant personally participated in the asserted violation of his rights.

As noted above, Mr. Blackburn asserts his claims in this action pursuant to 42 U.S.C. § 1983. Under § 1983, Mr. Blackburn must allege that Defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Construing the complaint liberally, the Court finds that Mr. Blackburn is asserting a claim of cruel

and unusual punishment under the Eighth Amendment. Although it is apparent that Mr. Blackburn's Eighth Amendment claim is barred by the statute of limitations because the claim arose more than two years before the instant action was filed, see *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (finding that a two-year statute of limitations applies to § 1983 actions in Colorado), the Court also finds that Mr. Blackburn fails to allege facts that rise to the level of a constitutional violation.

Not every injury suffered by a prison inmate gives rise to liability for a constitutional violation. **See *Tafoya v. Salazar***, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Blackburn must allege that Defendants were deliberately indifferent to a substantial risk of serious harm. **See *Farmer v. Brennan***, 511 U.S. 825, 834 (1994). Stated another way, Mr. Blackburn must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference. **See *Tafoya***, 516 F.3d at 916.

Mr. Blackburn's allegations do not demonstrate an injury that is sufficiently serious because "extreme deprivations are required to make out a conditions-of-confinement claim." ***Hudson v. McMillian***, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" ***Wilson v. Seiter***, 501 U.S. 294, 298 (1991) (quoting ***Rhodes v. Chapman***, 452 U.S. 337, 347 (1981)). The fact that Mr. Blackburn was exposed to second-hand tobacco smoke several times a day for several days is not an extreme deprivation and did not deprive Mr. Blackburn of the minimal civilized measure of life's necessities.

Mr. Blackburn also fails to allege facts that indicate Defendant Cruz acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Mr. Blackburn does not allege that Defendant Cruz knew he faced a substantial risk of serious harm and disregarded that risk.

For these reasons, the Court finds that the facts alleged by Mr. Blackburn do not support an arguable claim. As a result, the complaint is legally frivolous and must be dismissed. Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 12 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00168-BNB

Roger Scott Blackburn
Prisoner No. 127949
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/3/09.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk